995 F.2d 234
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Earl Dale McGhee, Defendant-Appellant.
 No. 92-50101.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 8, 1992.
Decided June 11, 1993.
 
 Before: BROWNING, SCHROEDER and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Earl Dale McGhee appeals his jury conviction for armed bank robbery. He pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a), but went to trial on the question of whether he was armed, 18 U.S.C. § 2113(d). We affirm.
 
 
 3
 Although McGhee raises several issues as to the vlaidity of his detention, arrest, the failure to suppress evidence related to the arrest, and the circumstances of a field show-up, none is meritorious. We address in more detail, his contention that the district court gave an Allen charge that coerced the jury to return a guilty verdict. "[A] district judge's Allen charge is upheld in all cases except those where it's clear from the record that the charge had an impermissibly 'coercive effect' on the jury." United States v. Ajiboye, 961 F.2d 892, 893 (9th Cir.1992) (citing United States v. Wauneka, 842 F.2d 1083, 1088-89 (9th Cir.1988)).
 
 
 4
 Wauneka, 842 F.2d at 1088, set forth the test for impropriety of an Allen charge:
 
 
 5
 This circuit evaluates coerciveness on the basis of (1) the form of the instruction; (2) the period of deliberation following the Allen charge; (3) the total time of jury deliberations; and (4) the indicia of coerciveness or pressure upon the jury.
 
 
 6
 Here, the judge, upon receiving a note from the jury that it was unable to arrive at a unanimous decision, gave a modified Allen charge urging the jurors to "take another crack at it." ER at 294. At the end of the day, the eve before Thanksgiving, the jury had not reached a decision or announced a second deadlock. Having conferred with counsel about inquiring into the status of the jury's deliberations in order to decide whether to call them back on the Friday or Monday following the holiday, the district court judge addressed the jury a second time. He established that it was still "having fruitful discussions" and issued a cautionary instruction against talking about the case over the weekend.[1]
 
 
 7
 Nothing in the judge's exchange with the jury indicates coercion under the Wauneka test. No "specific language", Wauneka, 842 F.2d at 1089, in the instruction was coercive.[2] He told the jurors they were an "unruly group," but he also described them as a "hard-working bunch." He encouraged all jurors to reconsider their views, but said nothing to signal criticism of any holdouts. To the contrary, he expressly entertained the possibility that the jury might not be able to come to a decision, indicating "we'll handle that at that point." ER at 295. Moreover, the jurors did not feel compelled to return an immediate verdict. They debated for at least two and a half hours on Friday and another three on Monday. ER 296, 326. The jury deliberated over a two-day period, devoting a total of almost ten hours to deliberation. Nothing about the proportion of time spent before and after the charge suggests coercion. Finally, the record discloses no indicia of coerciveness. The district judge spoke very carefully. In posing the question of the possibility for "fruitful deliberations" to the jurors, he avoided singling out any juror in a manner that would reveal his or her vote on the verdict, emphasizing the concern "that nobody tell me how you stand or how any individual juror thinks about the result. And don't tell me how you stand or whether you're on one side and other jurors are on the other side of the question at issue." ER 301. Thus the district court explicitly avoided violation of the per se rule that no judge inquire directly or indirectly into the numerical division of the jury. United States v. Ajiboye, 961 F.2d 892, 893-94 (9th Cir.1992).
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 McGhee does not argue that the judge issued two Allen charges in violation of the principle announced in United States v. Seawell, 550 F.2d 1159, 1163 (9th Cir.1977). Nor would this argument avail since the jury did not declare itself deadlocked a second time. See United States v. Nickell, 883 F.2d 824, 828 (9th Cir.1989)
 
 
 [2]
 The colloquy between judge and jury was as follows:
 All right, good afternoon ladies and gentlemen. Looks like a hard-working bunch of jurors. I've received the note that reads, "The jury is unable to arrive at a unanimous decision." Without asking you a number of questions about this, let me make a couple of suggestions to you and ask you to go back and take another crack at it this afternoon.
 Sometimes in discussions, people get at--to a little bit of an emotional state where they're really not hearing what their fellow jurors are saying and find themselves sort of at loggerheads. Let me suggest that everybody retreat from that idea and with the idea, well, we're going to start over again, at least to some extent, going to try to review the instructions. Your question about reasonable doubt indicates that you have some considerations about the reasonable doubt instruction. And see if you all understand it in the same way.
 And then go through the evidence again. See whether you find that evidence convincing to reach that standard or not. In other words, step back from any hard and fast positions and start a little bit afresh in looking at the evidence, and see if you can take another run at trying to see what you can do about reaching a [sic] unanimous decision.
 I think it's a little early to say you're hung up and you aren't--and you're going to stay hung up and there isn't going to be any decision here. Obviously if that's what happens, that's what happens and we'll handle that at that point. But I don't want really to have you admit even to yourselves that you're at that point.
 Yes, I want you to go back. And give Mr. Simm, while you preside over this unruly group, are you willing to give them another crack at seeing if you can all get there?
 ER 294-95.